IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JULIUS MCLEOD, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12CV219 |
| | ) | |
| CHERYL PRICE, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of Alabama, has submitted a Petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. Rule 4, Rules Governing Section 2254 Proceedings, states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

A writ of habeas corpus may issue if a petitioner demonstrates that he is in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). For the following reasons, this Petition should be summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases.

Under 28 U.S.C. §§ 2241(c)(3) and 2254(a), the federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody." The custody requirement of § 2254 is not met when the prisoner is challenging an expired state sentence, even if the expired sentence has enhanced a current sentence. See Maleng v. Cook, 490 U.S. 488, 492 (1989). If a petitioner is not in custody on the challenged conviction, the Court lacks subject matter jurisdiction in the case. Id. at 494. In this case, Petitioner seeks to attack convictions from the Rockingham County Superior Court which were entered on November 30, 1977, in cases 77CR11376-11380 and 77CR12172-12178. (Docket Entry 1, § 1.) He reports that he was sentenced initially to ten years of imprisonment followed by five to seven years of probation in those cases. (Id., § 3.) However, in 1983, he was resentenced for at least some of his cases to ten years of imprisonment. (Id., Ex. E.) A simple mathematical calculation reveals that Petitioner's sentence for these convictions would have long since expired. This is confirmed by the North Carolina Department of Correction's website, which reports that a person by the name of "Julius McLeod," who was sentenced to ten years in case 77 CR 11379 in 1977 from Rockingham County, was released when his sentence "expired" in 1984. See http://www.doc.state.nc.us/offenders (search for "Julius McLeod" last completed Mar. 6, 2012).[1] Further, documents attached to the Petition show that Petitioner is actually in custody in Alabama serving a sentence of life without parole.

---

[1] This search actually reveals two "Julius McLeods." However, only the one with the offender identification number "273687" shows a conviction from 1977 which matches the one described in the Petition.

-2-

Case 1:12-cv-00219-TDS-LPA   Document 3   Filed 04/12/12   Page 2 of 3

It appears that the North Carolina convictions Petitioner is challenging were used to enhance his Alabama sentence. (Docket Entry 1, Ex. J, ¶ 7.) However, as stated above, this is not sufficient to meet § 2254's custody requirement. Petitioner is not in custody for the challenged convictions and the Court thus lacks jurisdiction over this habeas petition because Petitioner has not satisfied the custody requirement.

*In forma pauperis* status will be granted for the sole purpose of entering this order and recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this order and recommendation.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* pursuant to Rule 4, Rules Governing Section 2254 Cases.

/s/ L. Patrick Auld  
**L. Patrick Auld**  
**United States Magistrate Judge**

Date: April 12, 2012